IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TYRECE NEBAREZ,<br><br>                Plaintiff,<br><br>vs.<br><br>NORFOLK REGIONAL CENTER,<br><br>                Defendant. | 8:21CV279<br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, a patient at the Norfolk Regional Center ("NRC"),[1] has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I. SUMMARY OF COMPLAINT

Plaintiff complains a "state official" at NRC took his wedding ring on July 14, 2021. Plaintiff wants the ring returned and an award of damages.

II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be

---

[1] For purposes of analyzing Plaintiff's Complaint, the court assumes he is a civilly committed detainee.

dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Liberally construing Plaintiff's Complaint, this is a civil rights action filed under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an involuntary, civilly committed patient at NRC, Plaintiff retains his Fourth Amendment right to be free from unreasonable searches and seizures, a right which is analogous to the rights afforded to pretrial detainees. *See Beaulieu v. Ludeman*, 690 F.3d 1017, 1028 (8th Cir. 2012). His wedding ring is a personal effect protected by the Fourth Amendment. *See id.* at 1034. A seizure of property occurs when "there is some meaningful interference with an individual's possessory interests in that property." *Id.* (cleaned up). To determine whether a seizure is constitutionally reasonable, the court must balance the individual's Fourth Amendment interest against the governmental interest in the intrusion. *Baribeau v. City of Minneapolis*, 596 F.3d 465, 483 (8th Cir. 2010). Plaintiff's "personal property rights may be reasonably constrained in accordance with [NRC's] therapeutic or policy considerations." *Dean v. Johnston*, No. 19-3186 (JRT/LIB), 2021 WL 3667265, at *4 (D. Minn. Aug. 18, 2021).

Although Plaintiff may have a plausible Fourth Amendment claim, the Norfolk Regional Center, as a state instrumentality, is not a "person" that can be sued under 42 U.S.C. § 1983. *Wiley v. Hamik*, No. 8:20CV160, 2020 WL 3100190, at *2 n. 2 (D. Neb. June 11, 2020). NRC is also immune from suit in federal court. *Id.* The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and employees of a state sued in the employees' official capacities. *Id.* However, sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. § 1983 which seek equitable relief from state employee defendants acting in their official capacity.

Plaintiff's Complaint does not identity a person who may be sued for damages in his or her individual capacity, or for equitable relief (*i.e.*, the return of the ring) in his or her official capacity. However, the court on its own motion will give Plaintiff leave to file an amended complaint that names a proper defendant.[2] In drafting an amended complaint, Plaintiff should be mindful that in order to state a plausible claim for damages, he must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted in injury. *See Webb v. Nebraska*, No. 4:21CV3058, 2021 WL 2002925, at *3 (D. Neb. May 19, 2021). Because there is no vicarious liability, the plaintiff in a § 1983 action "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Finally, Plaintiff's Complaint includes a request for appointment of counsel. There is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, No.

---

[2] Naming the response team as a defendant will not suffice because it is not a suable entity. A defendant must be an actual person.

3

20-2560, __ Fed. App'x __, 2021 WL 2285235, at *1 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

Here, the facts of the case should be known to Plaintiff, he has been instructed how to correct certain deficiencies in his current Complaint, and he appears capable of presenting his claims in an understandable manner. This case is still at the pleading stage, so there is no conflicting testimony. Plaintiff understandably faces challenges representing himself, but "most indigent prisoners [or detainees] will face similar challenges." *See Recca*, 2021 WL 2285235, at *2 (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). Thus, having considered the factors outlined above, Plaintiff's request for appointment of counsel will be denied without prejudice to reassertion.

## IV. CONCLUSION

This action is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted. However, Plaintiff will be given 30 days to file an amended complaint.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. In the event Plaintiff files an amended complaint, he shall restate the allegations of the current Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into <u>one document</u> may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e)(2) in the event he files an amended complaint.

4. The Clerk of the Court is directed to set this pro se case management deadline: **October 15, 2021**—amended complaint due.

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

6. Plaintiff's request to appoint counsel is denied without prejudice.

Dated this 15th day of September 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge